## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TAMMY and MONTY KEA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO. 3:19-cv-02017-G** |
| | § | |
| **MERIDIAN SECURITY INSURANCE** | § | |
| **COMPANY and ROSS FREEMAN,** | § | |
| | § | |
| **Defendants.** | § | |

---

## BRIEF IN SUPPORT OF DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY'S RULE 12(b) MOTIONS TO DISMISS, ALTERNATIVE MOTION TO SEVER AND ABATE, AND PLEA IN ABATEMENT

---

**TABLE OF CONTENTS**

I.     **BACKGROUND AND FACTS** ............................................................. 1

II.    **PLAINTIFF'S CLAIMS AND ALLEGATIONS** ......................................... 2

III.   **MOTION TO DISMISS EXTRA-CONTRACTUAL CLAIMS FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER RULE 12(B)(1)** ... 3

     A.    **Rule 12(b)(1) legal standard** ................................................. 3

     B.    **Ripeness legal standard** ..................................................... 3

     C.    **Plaintiffs' extra-contractual claims are not ripe and should be dismissed for lack of subject-matter jurisdiction** ......................... 5

IV.   **MOTION TO DISMISS EXTRA-CONTRACTUAL CLAIMS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)** ........................... 6

     A.    **Rule 12(b)(6) legal standard** ................................................. 6

     B.    **Plaintiff has failed to state a claim upon which relief can be granted in its extra-contractual claims against Meridian** ................ 8

V.    **ALTERNATIVE MOTION TO SEVER AND ABATE EXTRA-CONTRACTUAL CLAIMS** ........................................................... 9

     A.    **Alternative nature of request for severance and abatement** .......... 9

     B.    **Severance and abatement legal standard** ................................ 9

     C.    **Plaintiffs' extra-contractual claims against Defendants should be severed from the breach of contract claim** ................................ 10

     D.    **Plaintiffs' extra-contractual claims against Defendants should be abated until the breach of contract claim has been resolved** ................ 11

VI.   **VERIFIED PLEA IN ABATEMENT OF CLAIMS NOT DISMISSED OR SEVERED UNDER TEX. INS. CODE § 542a.005** ...................... 12

     A.    **The new Texas Insurance Code chapter 542A applies** .................... 12

     B.    **Texas Insurance Code section 542A notice requirement** ................ 12

    **C.**      **Texas Insurance Code section 542A abatement**…………………………………**13**

    **D.**      **Plaintiffs' statutory notice was defective**…………………………………**13**

    **E.**      **Defendants are entitled to abatement**…………………………………………**14**

**VII.**   **REMAINING CAUSE OF ACTION**…………………………………………**14**

**VIII.**  **CONCLUSION AND PRAYER FOR RELIEF**…………………………………**14**

     **CERTIFICATE OF CONFERENCE**…………………………………………**15**

     **CERTIFICATE OF SERVICE**……………………………………………………..**16**

# **TABLE OF AUTHORITIES**

## **Cases**

*Abbott Labs. v. Gardner*, 387 U.S. 136, (1967) ............................................................. 4

*Accardo v. Am. First Lloyds Ins. Co.* 2012 U.S. Dist. LEXIS
   62181, (S.D. Tex. 2012) ...................................................................................... 11, 12

*Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817 (Tex. App.—El Paso 2011, no pet.) ......................... 11

*Am. Forest & Paper Ass'n v. EPA*, 137 F.3d 291 (5th Cir. 1998) .................................... 4

*Anderson v. Sch. Bd. of Madison Cnty.*, 517 F.3d 292 (5th Cir. 2008) ........................................ 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................... 7

*Barbara Techs. Corp. v. State Farm Lloyds*, 2019 Tex. LEXIS 687
   (Tex. June 28, 2019) ..................................................................................... 6

*Califano v. Sanders*, 430 U.S. 99 (1977) ...................................................................... 4

*Carr v. Learner*, 547 F.2d 135 (1st Cir. 1976) ........................................................... 8

*Carrizales v. State Farm Lloyds*, 2018 U.S. Dist. LEXIS 58875
   (N.D. Tex. April 6, 2018) (mem. op.) .............................................................. 13, 14

*Cent. & S.W. Servs. v. United States EPA*, 220 F.3d 683 (5th Cir. 2000) ...................... 4

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ........................................................ 4

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) ........................................................... 5

*Esau v. Victor*, 2003 U.S. Dist. LEXIS4535 (M.D.N.C. 2003) ...................................... 3

*Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589 (5th Cir. 2011) ............................................ 5

*Great Lakes Educ. Consultants v. Federal Emerg. Mgmt. Agency*,
    582 F.Supp. 193 (W.D. Mich. 1984) ............................................................................ 3

*Green v. Nationwide Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 194550,
    (W.D. Tex. 2013) ................................................................................................ 11

*Home Builders Ass'n of Miss. v. City of Madison, Miss.*, 143 F.3d 1006
    (5th Cir. 1998) ................................................................................................ 3

*Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887 (7th Cir. 1995) .............................. 13

*In re Ramu Corporation*, 903 F.2d 312 (5th Cir. 1990) ................................................................ 11

*Landis v. North American Co.*, 299 U.S. 248 (1936) ................................................................ 11

*Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627 (Tex. 1996) .......................................... 6, 11

*Lopez v. City of Houston*, 617 F.3d 336 (5th Cir. 2010) ............................................................ 4

*Malibu Media, LLC v. Does 1-14*, 287F.R.D. 513 (N.D. Ind. 2012) .......................................... 10

*McKnight v. Blanchard*, 667 F.2d 477 (5th Cir. 1982) ................................................................ 11

*Menchaca*, 545 S.W.3d. 479 ................................................................................................ 8

*Mid-Century Ins. Co. v. Lerner*, 901 S.W.2d 749 (Tex. App.—
    Houston [14th Dist.] 1995) ................................................................................ 11

*Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487 (5th Cir. 2000) ................................ 5

*Monk v. Huston*, 340 F.3d 279 (5th Cir. 2003) ........................................................................ 4

*Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803 (2003) .......................................... 4

*New Orleans Pub. Serv., Inc. v. Council of theCity of New Orleans*,
  833 F.2d 583 (5th Cir. 1987) ............................................................. 4

*Official Cmte. of the Unsecured Creditors of Color Tile, Inc. v. Coopers
  & Lybrand, L.L.P.*, 322 F.3d 147 (2nd Cir. 2003) .................................. 7

*Ortiz v. State Farm Lloyds*, 2019 Tex. LEXIS 678 (Tex. June 28, 2019) ...................... 6

*Raila v. United States*, 355 F.3d 118 (2nd Cir. 2004) ................................ 3

*Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43  (1993) ................................ 5

*Republic Ins. Co. v. Stoker*, 903 S.W.2d 338 (Tex. 1995) ........................... 6

*Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674 (2nd Cir. 1990). ................. 3

*Severance v. Patterson*, 566 F.3d 490 (5th Cir. 2009) .................................. 4

*Shields v. Norton*, 289 F.3d 832 (5th Cir. 2002) ........................................ 3

*St. Paul Fire & Marine Ins. Co. v. Convalescent Servcs., Inc.*,
  193 F.3d 340 (5th Cir. 1999) ............................................................. 5

*State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260 (Tex. App.—
  Houston [14th Dist.] 1992) ............................................................. 11

*Texas v. United States*, 497 F.3d 491 (5th Cir. 2007) .................................. 4

*Texas v. United States*, 523 U.S. 296 (1998) ........................................... 4

*Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994) ................................ 12

*Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663 (Tex. 1995) .................... 6

*USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018) ........................ 5

## **Statutes**

TEX. INS. CODE § 542A.001 ...................................................................... 13

TEX. INS. CODE § 542A.002…………………………………………………………...13

TEX. INS. CODE § 542A.003 ............................................................ 13, 14, 15

TEX. INS. CODE § 542A.005 ............................................................ 13, 14, 15

TEX. INS. CODE § 542A.006(c) (emphasis added) ...................................... 10

TEX. INS. CODE § 542A.003(a) ..................................................................... 14

## **Rules**

FED R. CIV. P. 12(b)(6) .................................................................................. 7

FED. R. CIV. P. 21 ......................................................................................... 10

FED. R. EVID. 408 ......................................................................................... 11

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Meridian Security Insurance Company ("Meridian"), after removal from State Court but prior to filing any additional answer or pleadings in this Court, respectfully moves the Court to (1) dismiss Plaintiffs' extra-contractual claims against Meridian for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted; (2) in the alternative, to sever and abate the Plaintiffs' extra-contractual claims against Defendants; and (3) for abatement of all of Plaintiffs' claims. In support of this motion, Defendants would show the Court the following:

## I.
## BACKGROUND AND FACTS

This is a first-party insurance claim by the owners of insured property against its property insurer and insurance adjuster for damages allegedly caused by storm on February 7, 2019 (the "Storm"). Plaintiffs own a residential property on Phyllis Lane in Rockwall, Texas (the "Property"). Plaintiffs have a homeowners insurance policy issued by Meridian for the relevant time period (the "Policy") providing, *inter alia*, coverage for damage to the Property subject to the Policy's terms, conditions, limitations, and deductibles.

Plaintiffs filed an insurance claim with Meridian seeking payment under the Policy for the damage to the Property from the Storm (the "Claim"). Ross Freeman an insurance adjuster working for Meridian, was the adjuster assigned to handle the Claim.[1] Meridian timely responded to Plaintiff and began investigating the Claim. On February 13, 2019, Freeman inspected the Keas' property. That same date, Freeman provided the Keas with an itemized property loss and settlement statement reflecting the total actual cash value settlement for the damaged property covered by the above-referenced policy. Specifically, Meridian provided the Keas with an estimate

---

[1] By agreed stipulation filed contemporaneously herewith, Freeman has been dismissed from this action.

for repair of damage to the roof, including interior water damage to the ceiling and wind damage to shingles and the metal roofing. Accordingly, Meridian issued payment in the amount of $2,563.87 for the covered loss. On March 22, 2019, Meridian provided the Keas with further details regarding the partial denial of their claim, including property that the inspection revealed not to have been damaged by wind and/or hail and thus not be covered under the policy.

Plaintiffs, who disagree with Meridian's assessment, sent a letter to Meridian on April 4, 2019, demanding a total of $84,766.68 in compensation.[2] By letter dated May 28, 2019, Meridian rejected this demand.[3] Plaintiffs filed this suit on June 18, 2019 in the 382nd Judicial District Court of Rockwall County, Texas. By letter dated August 16, Meridian accepted liability on behalf of Freeman pursuant to the Texas Insurance Code.[4] Meridian removed this matter to the United States District Court for the Northern District of Texas, Dallas Division, on August 23, 2019. Plaintiffs assert a myriad of claims against Meridian, including multiple extra-contractual claims alleging, among other things, bad faith. As the ensuing argument shows, all extra-contractual are unripe at this time and should be dismissed.

## II.
## PLAINTIFF'S CLAIMS AND ALLEGATIONS

Plaintiffs allege Meridian failed to conduct a reasonable investigation and improperly denied the Claim, alleging that Freeman committed fraud in order to protect his employment.[5] Specifically, Plaintiffs assert claims again Meridian for: breach of contract; unfair settlement practices; violation of the Texas Prompt Payment of Claims Act (PPCA); breach of the duty of

---

[2] APPX 003-005.
[3] APPX 006-008.
[4] APPX 009.
[5] Doc. 1-6, ¶¶ 15-16, 21-23. As noted *supra*, the claims against Freeman have been dismissed.

good faith and fair dealing; violation of the Texas Deceptive Trade Practices Act (DTPA); and common-law fraud.[6] Meridian filed an Answer in the state court prior to removal denying liability.

### III.
### MOTION TO DISMISS EXTRA-CONTRACTUAL CLAIMS
### FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER RULE 12(B)(1)

**A.     Rule 12(b)(1) legal standard.**

Rule 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion.  When multiple grounds for dismissal are asserted, the court should first rule on the Rule 12(b)(1) challenge.[7] When considering the motion to dismiss, the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff.[8] Dismissal for want of subject matter jurisdiction should occur only if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as matter of law.[9] A dismissal for lack of subject-matter jurisdiction is without prejudice to later proceedings where there is jurisdiction.[10]

**B.     Ripeness legal standard.**

Article III of the Constitution "confines federal courts to the decision of 'cases' and 'controversies.' A case or controversy must be ripe for decision, meaning that it must not be premature or speculative."[11] "Ripeness is a component of subject matter jurisdiction, because a court has no power to decide disputes that are not yet justiciable."[12] "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical."[13]

---

[6] *Id.*, ¶¶ 31-54.
[7] *See Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674 (2nd Cir. 1990).
[8] *Raila v. United States*, 355 F.3d 118 (2nd Cir. 2004).
[9] *Esau v. Victor*, 2003 U.S. Dist. LEXIS 4535 (M.D.N.C. 2003); *Home Builders Ass'n of Miss. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[10] *Great Lakes Educ. Consultants v. Federal Emerg. Mgmt. Agency*, 582 F.Supp. 193 (W.D. Mich. 1984).
[11] *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir. 2002).
[12] *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010).
[13] *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003).

The ripeness doctrine avoids premature adjudication of a dispute and is intended to ensure that claims are properly framed for adjudication before they reach the federal courts.[14] This doctrine prevents judicial entanglement in abstract disagreements.[15]  "To determine if a case is ripe for adjudication, a court must evaluate (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration."[16] The fitness and hardship prongs must be balanced, and a case will generally be ripe if the remaining questions are purely legal ones.[17] Even where the issue presents purely legal questions, "the plaintiff must show some hardship in order to establish ripeness."[18]

To satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury" and "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."[19] The controversy must have a direct and immediate impact on the plaintiff to be ripe for adjudication.[20] "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." [21] Generally, issues are not ripe if "further factual development is required."[22] Dismissal on grounds of ripeness is appropriate when "no irremediably adverse consequences flow from requiring a later challenge."[23] As this is a diversity action, the

---

[14] *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08, 123 S. Ct. 2026, 155 L. Ed. 2d 1017 (2003) (internal citation omitted); *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 1515, 18 L. Ed. 2d 681 (1967), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977).
[15] *Texas v. United States*, 497 F.3d 491, 498 (5th Cir. 2007) (citing *Abbott Labs.*, 387 U.S. at 148-49).
[16] *Id*
[17] *Id.* (citing *Am. Forest & Paper Ass'n v. EPA*, 137 F.3d 291, 296 (5th Cir. 1998); *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987)).
[18] *Id.* (quoting *Cent. & S.W. Servs. v. United States EPA*, 220 F.3d 683, 690 (5th Cir. 2000)).
[19] *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (citations and internal quotation marks omitted).
[20] *Severance v. Patterson*, 566 F.3d 490, 500 (5th Cir. 2009).
[21] *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998) (citation and internal quotation marks omitted).
[22] *Anderson v. Sch. Bd. of Madison Cnty.*, 517 F.3d 292, 296 (5th Cir. 2008) (citation omitted).
[23] *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 58; 113 S. Ct. 2485, 125 L. Ed. 2d 38 (1993).

court applies Texas law as interpreted by Texas courts, and federal courts are to look to final decisions of the highest court of the state.[24] In the absence of on-point Texas law, it is the duty of the federal court to determine, as best it can, what the highest court of the state would decide.[25]

**C.      Plaintiffs' extra-contractual claims are not ripe and should be dismissed for lack of subject-matter jurisdiction.**

Under Texas law, Plaintiffs' extra-contractual claims (that is, all claims asserted against Meridian *except* breach of contract) are conjectural and hypothetical, and Plaintiff has not shown any injury or hardship from them. Further, Plaintiff has not shown that it is entitled to any additional recovery under the Policy or, most importantly, that Defendants have breached the terms of the Policy. Defendants have expressly denied breaching the terms of the Policy, and that issue has yet to be fully litigated. Unless and until such a determination is made (and if Meridian is correct, this will never be established), the extra-contractual claims are not ripe for adjudication.

In April 2018, the Texas Supreme Court issued a lengthy opinion providing an overview of Texas bad-faith insurance law and the interrelation between claims for breach of an insurance policy and extra-contractual claims under the Texas Insurance Code and common law.[26] "An insured's claim for breach of an insurance contract is 'distinct' and 'independent' from claims that the insurer violated its extra-contractual common-law and statutory duties."[27] The Texas Supreme Court affirmed the "general rule" in Texas is "there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered."[28] The *Menchaca* decision specifically

---

[24] *See Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000); *St. Paul Fire & Marine Ins. Co. v. Convalescent Servcs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

[25] *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 593 (5th Cir. 2011); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

[26] *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d. 479 (Tex. 2018).

[27] *Id.* at 489 (citing *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) ("Insurance coverage claims and bad faith claims are by their nature independent."); *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 666 (Tex. 1995) (noting that a bad-faith claim is "distinct" from a suit for breach of the policy); *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) ("[A] policy claim is independent of a bad faith claim.")).

[28] *Id.* at 490 (quoting *Stoker*, 903 S.W.2d at 341).

addresses the "complicated issue" of whether policy benefits may be recovered as "actual damages" for an insurer's statutory violation without finding the insured's contractual right to those benefits.[29]  The Texas Supreme Court answered generally "no," but left open the possibility if the statutory violation caused the loss of the benefits, loss of the contractual right, or caused an independent injury.[30]  The *Menchaca* court reiterated that "an insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits."[31]

In the instant case, Plaintiff's extra-contractual claims will only be ripe for adjudication if Plaintiff establishes Defendants breached the terms of the Policy and wrongfully denied the Claim, which is a contested issue to be determined. Unless and until that happens, there is no "case or controversy" for this Court to decide, so all extra-contractual claims against Meridian should be dismissed, without prejudice, for lack of subject-matter jurisdiction.[32]

## IV.
## MOTION TO DISMISS EXTRA-CONTRACTUAL CLAIMS
## FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)

### A.    Rule 12(b)(6) legal standard.

Under the Rules, a defendant can challenge the plaintiff's claims for relief via a motion asserting certain defenses, including failure to state a claim upon which relief can be granted.[33] The Court's task in deciding motions under Rule 12(b)(6) is to assess the legal feasibility of the

---

[29] *Id.* at 489.

[30] *Id.*

[31] *Id.*

[32] It is anticipated that Plaintiffs will assert two recent Texas Supreme Court decisions—*Ortiz v. State Farm Lloyds*, 2019 Tex. LEXIS 678 (Tex. June 28, 2019) and *Barbara Techs. Corp. v. State Farm Lloyds*, 2019 Tex. LEXIS 687 (Tex. June 28, 2019)—for the principal that extra-contractual claims can in fact proceed without a finding that the underlying policy was breached. These two cases are distinguishable from the instant suit as *Ortiz* and *Barbara Techs.* address extra-contractual claims following the payment of an appraisal award, which forecloses the possibility of a finding of breach of contract. Appraisal has neither been demanded nor completed in this matter.

[33] *See* FED R. CIV. P. 12(b)(6).

complaint.[34]  The plaintiff's complaint must state a "plausible claim for relief," which necessitates a context-specific review based on the Court's "judicial experience and common sense."[35] Plausibility requires more than merely pleading conclusions. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[36] Importantly, this standard requires more than the mere pleading of elements of a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[37] "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[38] Plausibility is determined by a careful and common-sense review of the claims pleaded in light of the legal issues at stake. "Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires ... judicial experience and common sense."[39] "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."[40]  In this case the facts alleged simply do not arise to cognizable claim under Texas law and do not support the claims pleaded.

Defendants reference and incorporate the legal standards under Texas law for extra-contractual claims, set forth in Section III.C. *supra*.

---

[34] *See Official Cmte. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P.*, 322 F.3d 147, 158 (2nd Cir. 2003).
[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).
[36] *Id.* at 678 (inner quotation, citation omitted).
[37] *Id.*
[38] *Id.* at 679.
[39] *Id.*
[40] *Id.*

**B.    Plaintiff has failed to state a claim upon which relief can be granted in its extra-contractual claims against Meridian.**

There is no plausible claim for relief that can be granted to Plaintiff, as pleaded, because there can be no extra-contractual liability at this time.[41] Plaintiffs' extra-contractual claims and causes of action are prematurely filed and should be dismissed, without prejudice to refiling at a later time if Plaintiffs establish Meridian breached the policy. Meridian references and incorporates its arguments that Plaintiffs' extra-contractual claims are not ripe, set forth above in Section III *supra*, as the courts are permitted to dismiss under either Rule 12(b)(1) or (b)(6) as appropriate.[42]

The predicate for all of Plaintiffs' extra-contractual causes of action is Meridian breaching the Policy by failing to pay benefits owed. However, Plaintiffs have not yet established that Meridian breached the Policy or owed it any additional money or duties. The extra-contractual claims are merely claims that Meridian acted in bad faith while fulfilling duties owed to Plaintiffs under the Policy by wrongfully denying the Claim, failing to investigate the Claim, failing to promptly pay the Claim, failing to pay full and correct value of the claim, etc. Meridian's position is, *inter alia*, that they paid the full value of the Claim and owed no additional sums to Plaintiffs under the Policy. Until this dispute concerning any additional amounts owed under the Policy is resolved, there is no valid basis for extra-contractual liability. Further, even if the Court accepts all the factual allegations in the Plaintiffs' petition as true, which it must at this stage, no relief can be granted to Plaintiffs at this time. These claims are prematurely filed, therefore Plaintiffs' pleadings fail to state a claim against Meridian for the extra-contractual causes of action.

---

[41] *See generally Menchaca*, 545 S.W.3d. 479.
[42] *See, e.g., Carr v. Learner*, 547 F.2d 135 (1st Cir. 1976).

## V.
## ALTERNATIVE MOTION TO SEVER AND ABATE
## <u>EXTRA-CONTRACTUAL CLAIMS</u>

**A.      Alternative nature of request for severance and abatement.**

Should the Court grant either the Rule 12(b)(1) or 12(b)(6) motion to dismiss, this request is moot and need not be addressed.  However, should the court deny the 12(b)(1) or 12(b)(6) motions to dismiss, then Meridian respectfully requests a severance and abatement, or alternatively an abatement, of the extra-contractual claims. Meridian references and incorporates the arguments and authorities set forth *supra* in Sections III and IV.

**B.      Severance and abatement legal standard.**

Rule 21 permits a court to sever any claim against a party.[43] Severance and separate trials are appropriate and should be granted in the interest of justice when the severance makes logical and legal sense.[44] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[45] Notwithstanding a court's wide discretion to grant a stay under its inherent powers, a discretionary stay must not be "'immoderate or of an indefinite duration.'"[46]

The Texas Supreme Court has recognized that a severance of extra-contractual claims from contractual claims is necessary in certain insurance cases, particularly when evidence admissible on the contractual claim, such as a settlement offer, would prejudice the insurer in obtaining a fair

---

[43] FED. R. CIV. P. 21.
[44] *Malibu Media, LLC v. Does 1-14*, 287 F.R.D. 513, 522 (N.D. Ind. 2012).
[45] *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).
[46] *In re Ramu Corporation*, 903 F.2d 312, 318 (5th Cir. 1990) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

trial on the contract claim.[47] In those situations, a severance is appropriate.[48]  Failing to sever and abate also creates issues with the scope of discovery, which would necessarily cover the extra-contractual claims and include matters which would be irrelevant, prejudicial, and undiscoverable in the contract claim.[49]

### C.    Plaintiffs' extra-contractual claims against Defendants should be severed from the breach of contract claim.

Severance and abatement of extra-contractual claims from a breach of contract claim is warranted when the extra-contractual or bad faith claims are based on an inadequate settlement offer.[50] Offers to compromise or settle a claim are inadmissible in the contract claim.[51] "As a general rule, there can be no claim for bad faith when an insurer has promptly denied a claim that is not covered."[52] The determination of coverage also affects the damages potentially available to the insured.[53]  Accordingly, bad faith claims should be abated pending determination of the coverage questions and damages.[54] In the breach of contract action, the questions to be resolved are what damages to the Property were caused by the Storm and are covered under the Policy.  In the various extra-contractual claims, the questions will be: (1) whether Meridian's investigation of the Claim was reasonable; (2) whether Meridian reasonably should have offered to pay more money; (3) Meridian's policies and procedures for claims handling; and (4) similar issues irrelevant to the contract claim that would prejudice Meridian's right to a fair trial.

---

[47] *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996).
[48] *State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 261 (Tex. App.—Houston [14th Dist.] 1992) (orig. proceeding).
[49] *Green v. Nationwide Mut. Ins. Co.*, No. A-12-CA-0600-LY, 2013 U.S. Dist. LEXIS 194550, at *5-7 (W.D. Tex. 2013) (internal citations omitted).
[50] *Mid-Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752 (Tex. App.—Houston [14th Dist.] 1995).
[51] *See* FED. R. EVID. 408.
[52] *Accardo v. Am. First Lloyds Ins. Co.*, No. H-11-0008, 2012 U.S. Dist. LEXIS 62181, at *16 (S.D. Tex. 2012) (citing *Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.)).
[53] *Accardo* at *17 (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994)).
[54] *See Accardo* at *17.

Plaintiffs are suing Meridian, in part, for failing to properly settle the Claim.[55] Meridian has offered to pay, and in fact did pay, the portion of the Claim it determined was covered by the Policy and caused by the Storm.[56] Plaintiffs have demanded significantly larger sums of money.[57] The broader discovery on the extra-contractual issues is not needed at this time and will prejudice Meridian, and the introduction of these issues at trial on the contract claim will prejudice Meridian. Meridian therefore requests a severance of the extra-contractual claims into a separate action from the contractual claim.

**D.      Plaintiffs' extra-contractual claims against Defendants should be abated until the breach of contract claim has been resolved.**

If the court does not dismiss the extra-contractual claims under either of the Rule 12(b) grounds, Meridian asks that the extra-contractual claims be abated until the contractual claims are resolved. As argued *supra*, Plaintiffs' extra-contractual claims are premature and are not ripe for litigation or adjudication. Plaintiffs cannot sue Meridian for extra-contractual claims unless and until there has been a determination that Meridian breached the terms of the Policy, which is disputed and may never happen. As such, Meridian asks that the extra-contractual claims be severed and abated, or alternatively, that they be abated in this same action until the contract claim is resolved, with a separate, bifurcated trial.  Federal courts may bifurcate or subdivide case to promote economy and accuracy in adjudication.[58]

---

[55] *See* Doc. 1-6, ¶¶ 34-40, 55-61.
[56] *See* APPX 006-008.
[57] *See* APPX 003-005.
[58] *Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 891 (7th Cir. 1995).

# VI.
## VERIFIED PLEA IN ABATEMENT OF CLAIMS NOT DISMISSED OR SEVERED UNDER TEX. INS. CODE § 542A.005

**A.      The new Texas Insurance Code chapter 542A applies.**

Chapter 542A of the Texas Insurance Code took effect September 1, 2017 and it applies to first-party claims and actions against an insurance company, including breach of contract, breach of common law duties, and statutory violations of the insurance code, for damages to property caused by "forces of nature" such as hail, wind, or rain.[59] This new law was applied by the Northern District of Texas in *Carrizales v. State Farm Lloyds* in April 2018.[60]  After an overview of substantive versus procedural requirements and analyzing application of other notice and abatement requirements, the *Carrizales* court held that the notice and abatement provisions of Chapter 542A apply in federal court.[61] The instant suit is an action against an insurance company claiming property damages caused by hail, wind, and rain, filed after September 1, 2017.

**B.      Texas Insurance Code section 542A.003 notice requirement.**

Chapter 542A provides that, "not later than the 61st day before the date a claimant files an action to which this chapter applies," the claimant must give written notice as a prerequisite to filing the action.[62] The notice must provide a statement of the acts or omissions giving rise to the claim, the specific amount alleged to be owed on the claim, and the amount of attorney's fees "calculated by multiplying the number of hours actually worked by the claimant's attorney, as of

---

[59] TEX. INS. CODE §§ 542A.001(2) and 542A.002.
[60] *Carrizales v. State Farm Lloyds*, Civil Action No. 3:18-CV-0086-L, 2018 U.S. Dist. LEXIS 58875 (N.D. Tex. April 6, 2018) (mem. op.).
[61] *Id*. at *11 ("Accordingly, although sections 542A.003 and 542A.005 present procedural requirements, their relationship to Texas's substantive policy for claims brought under the Texas Insurance Code requires that they be applied in federal court").
[62] TEX. INS. CODE Ann. § 542A.003(a).

the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services."[63]

### C.     Texas Insurance Code section 542A.005 abatement.

A person sued under this chapter may file a plea in abatement not later than the 30th day after the date they file an original answer if that person ". . . did not receive a presuit notice complying with Section 542A.003."[64]  The court "shall abate" the action if the court finds the person filing the plea in abatement "did not, for any reason, receive a presuit notice complying with Section 542A.003."[65] An action is automatically abated without a court order beginning on the 11th day after the date a plea in abatement is filed if the plea: (1) verifies that the person did not receive the compliance notice; and (2) is not controverted by affidavit.[66] The abatement continues until the 60th day after the compliant notice is given.[67]

### D.     Plaintiffs' statutory notice was defective.

Plaintiffs sent Meridian a notice and demand on February 20, 2018.[68] While the notice/demand letter includes a dollar amount of claimed attorney's fees, the notice does not include a statement about the number of hours worked, contemporaneously kept time records, or a customary hourly rate.[69] As such, Plaintiffs' demand letter does not comply with Chapter 542A.[70]

---

[63] *Id*. at § 542A.003(b); *see Carrizales* at *3-4.
[64] *Id*. at § 542A.005(a)(1); *see Carrizales* at *3-5.
[65] *Id*. at § 542A.005(b)(1); *see Carrizales* at *3-5.
[66] *Id*. at § 542A.005(c); *see Carrizales* at *3-5.
[67] *Id*. at § 542A.005(e)(1); *see Carrizales* at *3-5.
[68] *See* APPX ___.
[69] *Compare* APPX ___ *with* TEX. INS. CODE § 542A.003(b)(3).
[70] *Compare* APPX ___ *with* TEX. INS. CODE § 542A.003(b)(3).

**E.      Defendants are entitled to abatement.**

Since Plaintiffs did not send a notice that complies with Chapter 542A, Defendants are entitled to an abatement of all claims and causes of action which are not dismissed under Rule 12(b).[71]  This plea in abatement is verified.[72]

## VII.
## REMAINING CAUSE OF ACTION

Defendants respectfully submit that the only cause of action that is ripe and appropriate for litigation is Plaintiffs' breach of contract claim. The parties disagree about whether and how much additional benefits are owed under the terms of the Policy, and that dispute should be litigated to resolution (subject to the abatement under TEX. INS. CODE § 542A.005). Once that cause of action is resolved, then the remaining causes of action against Meridian are ready to be addressed.

## VIII.
## CONCLUSION AND PRAYER FOR RELIEF

Plaintiffs claim Meridian owes additional sums of money for damage to the Property from the Storm, and Meridian believes all covered claims under the Policy have been fully paid.  This dispute is appropriately a breach of contract cause of action between Plaintiffs and Meridian. All of Plaintiffs' extra-contractual claims against Defendants should be dismissed because they are not ripe (lack of subject-matter jurisdiction) and/or for failure to state a claim. Alternatively, these extra-contractual claims against Defendants should be severed and abated until the contract claim is resolved and they are ripe for adjudication.

Additionally, Freeman is not a party to the insurance contract and cannot be liable to Plaintiffs, and Meridian has accepted liability for Freeman pursuant to applicable statutes, thus all causes of action against him should be dismissed for failure to state a claim.

---

[71] *See* TEX. INS. CODE § 542A.005.
[72] *See* APPX ___.

Furthermore, all remaining claims should be abated under TEX. INS. CODE § 542A.005 because Plaintiffs' notice/demand letter did not fully comply with that section providing the required information about their claimed attorney's fees. The action should be abated until the 60th day after a compliant notice is given.

Defendants further pray for all other relief to which they may be entitled under law or equity.

Date: August 30, 2019                                    Respectfully submitted,

                                                          */s/ Adam C. Gallegos*
                                                          Adam C. Gallegos
                                                          Texas Bar No. 24036614
                                                          Kirk D. Willis
                                                          Texas Bar No. 21648500
                                                          **THE WILLIS LAW GROUP, PLLC**
                                                          1985 Forest Lane
                                                          Garland, Texas 75042
                                                          Telephone:    (214) 736-9433
                                                          Facsimile:     (214) 736-9994
                                                          service@thewillislawgroup.com

                                                          **ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF CONFERENCE

On August 28, 2019, the undersigned counsel conferred by telephone with Tara Peveto, counsel for Plaintiff, on Defendants' requests to sever and abate. Ms. Peveto advised she was opposed to the requests, which are now presented to the Court for a ruling.

                                                          */s/ Adam C. Gallegos*
                                                          Adam C. Gallegos

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.1(d) on the 30th day of August, 2019.

Chad T. Wilson
Tara Peveto
Chad T. Wilson Law Firm
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

David P. Wilson
Provost Umphrey Law Firm LLP
490 Park Street, Suite 100
Beaumont, Texas 77701
dwilson@pulf.com

*/s/ Adam C. Gallegos*
Adam C. Gallegos