IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY and MONTY KEA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:19-cv-02017-G |
| MERIDIAN SECURITY INSURANCE COMPANY and ROSS FREEMAN, | § § § § | |
| Defendants. | § | |

## APPENDIX TO DEFENDANT'S RULE 12(b) MOTIONS TO DISMISS, ET AL.

| Appendix No. | Document |
|---|---|
| APPX 001-002 | Affidavit of Sherri King |
| APPX 003-005 | Demand Letter dated April 4, 2019 from Chad T. Wilson Law Firm, PLLC to Ross Freeman |
| APPX 006-008 | Response to Demand Letter, dated May 28, 2019, from The Willis Law Group, PLLC to Chad T. Wilson Law Firm, PLLC |
| APPX 009-010 | Election of liability letter, dated August 16, 2019, from The Willis Law Group, PLLC to Chad T. Wilson Law Firm, PLLC |

# AFFIDAVIT OF SHERRI KING IN SUPPORT OF
## MOTION TO SEVER AND ABATE AND PLEA IN ABATEMENT

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Sherri King, known to me to be the person whose name is subscribed to this instrument and who, after being duly sworn, on oath states as follows:

1. "My name is Sherri King. I am over 18 years of age, have never been convicted of a felony, and am fully competent to make this Affidavit. The statements contained in this Affidavit are based upon my personal knowledge and are true and correct.

2. "I am an employee of State Automobile Mutual Insurance Company, with the title of Claims and Risk Engineering Manager. I am making this Affidavit on behalf of Meridian Security Insurance Company ("Meridian"), which is a wholly-owned subsidiary of State Auto Holdings, Inc, which is itself a wholly-owned subsidiary of State Automobile Mutual Insurance Company. I am familiar with the insurance claim and litigation by Tammy and Monty Kea against Meridian for alleged storm damage to the Keas' property on Phyllis Lane in Rockwall, Texas on February 7, 2019 (the "Claim"), and as such I am familiar with the facts of the Claim.

3. "As part of Meridian's handling of the Claim, Meridian offered certain sums of money to the Keas for amounts Meridian believes to have been covered claims for damages caused by the storm in question. Meridian has made payment to the Keas for these covered damages.

4. "On April 4, 2019, Meridian's insurance adjuster, Ross Freeman, was given a notice and demand letter from attorney Chad T. Wilson on behalf of the Keas. A true and correct copy of this letter is attached to this Affidavit. Meridian has not received a notice or demand from or on behalf of the Keas that includes any statement about the number of hours worked, contemporaneously kept time records, or a customary hourly rate in connection with the demand for attorney's fees.

5. "On May 28, 2019, Meridian through its counsel responded to the Keas' April 4, 2019 letter. A true and correct copy of this letter is attached to this Affidavit.

6. On August 23, 2019, Meridian through its counsel advised Mr. Wilson via letter that Meridian would be accepting liability for Ross Freeman, its insurance adjuster. A true and correct copy of that letter is attached to this Affidavit.

7. "I have read Sections V and VI of the *Brief in Support Defendants' Rule 12(B) Motions to Dismiss, Alternative Motion to Sever and Abate, and Plea in Abatement*, and I verify that the factual statements contained in this Plea in Abatement are true and correct.

FURTHER affiant sayeth not."

_____
Sherri King

Sworn to and subscribed before me on this 29th day of August, 2019.

[Notary Seal: Felita S. McDuffie, ID #2201575, My Commission Expires July 08, 2023]

_Felita S. McDuffie_____
Notary Public, State of ~~Ohio~~ Texas FSM

---

*Affidavit of Sherri King (1860.0034)*                                    *Page 2 of 2*

2



# CHAD T. WILSON
## LAW FIRM, PLLC

RECEIVED
APR - 8
AUSTIN CENTER

April 04, 2019

Ross Hardin Freeman
5918 W. Courtyard, Dr., Ste 100
Austin, Texas 78730-5036

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED: #70182290000114781638

RE:   Policy Number:   1000116016
      Claim Number:    PR-0000000-237109
      Insured:         Tammy and MontyKea
      DOL:             February 7, 2019
      Loss Location:   2704 Phyllis Lane, Rockwall, Texas 75087-8039

Dear Mr. Freeman,

    This firm has been retained by Tammy and Monty Kea in a claim for benefits and protections afforded by Policy 1000116016 and to enforce our clients' rights under the law. As a step in the process, we are informing you that in handling the insureds' claim under the insurance policy, you committed several acts and/or omissions that were **unfair, deceptive,** and in violation of Texas Insurance Code Title 5 Subtitle C, as we will describe in further detail in this letter.

    As you know, from our clients having previously notified the insurance company of the facts giving rise to the loss, and from the claim having been properly and timely submitted, the insureds' premises suffered windstorm damage as a result of a severe storm that went through the Rockwall, Texas area on or about February 7, /2019. As an agent of the insurer handling this claim, you engaged in the following unfair settlement practices:

1) You failed to conduct a reasonable investigation of claim PR-0000000-237109. The insured property has extensive and obvious windstorm and hail damage including, but not limited to, the roof, vents, flashings and screens.

2) You misrepresented the terms and benefits of the insurance policy and misrepresented to the insured material facts and policy provisions that relate to coverage. You omitted policy benefits that should have been afford to the insured.

3) You failed to provide the insured a reasonable explanation of the factual and basis in the policy for denial/underpayment of the claim.

www.cwilsonlaw.com

Houston:
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
Office: 832-415-1432   Fax: 281-940-2137

Denver:
1001 Bannock Street, Suite 239
Denver, Colorado 80204
Office: 303-495-3999

3

4) You directly or indirectly causing to be made, an assertion, representation, or statement with respect to insurance that was untrue, deceptive, or misleading.

5) You failed to attempt to effectuate a prompt, fair, and equitable settlement of the claim in good faith when liability has become clear.

We request that you preserve all documents, correspondence, recordings, etc. that relate to this matter. Please do not dispose of any of this material, as we expect that it will be both discoverable and admissible in any litigation that may arise. Failure to preserve this material will result in a request for a spoliation instruction at any trial in this matter and may ultimately be considered by a court as an attempt to destroy evidence.

If we are required to file suit in this matter, please take notice that we intend to include as party defendants in the lawsuit the following persons defined in Texas Insurance Code Sections 541.002 or 542A.001(1): State Auto Insurance Companies and Ross Freeman.

Your conduct and your refusal to honor your obligations as a claim representative and the laws of this state have caused my clients to suffer damages. Based on the information now available to us, and for the purposes of this notice, we estimate the damages and expenses you are jointly and severally liable are as follows:

1) $25,843.50 for repairs to the loss;
2) $775.31 in Interest that applies to this loss as per Texas Insurance Code;
3) $57,697.88 for damages, including mental anguish; and
4) $450.00 as reasonable and necessary attorney's fees for time expended to date in assisting our clients in this matter.

We reserve the right to adjust these amounts to conform to the information and evidence that may be available to us at the time of trial if litigation becomes necessary.

Should this matter proceed to litigation, we shall request the trier of fact to compensate Plaintiffs $84,766.68 which represents the total amount in controversy. That is, all monetary damages including actual damage, penalty and interest and reasonable and necessary attorney's fees for time expended in assisting our clients in this matter through resolve.

At this time, we trust that this matter can be resolved in a prompt, fair, and equitable manner, without the need for further legal action. We intend to refrain from serving you with a lawsuit for the statutory notice period unless payment is received or otherwise directed by you.

However, if we are unable to resolve this matter, we will have no alternative but to serve the lawsuit for all actual damages, including compensation for mental anguish, and for all expenses

and fees to which our clients are entitled, together with all other damages and penalties for which you may be liable. Your prompt attention to this matter will be appreciated, and we ask that you direct your response or any other communications concerning this matter to me.

Sincerely yours,

Chad T. Wilson
Texas State Bar No. 24079587
CWilson@cwilsonlaw.com

cc: Tammy and Monty Kea
2704 Phyllis Lane
Rockwall, TX 75087-8039



May 28, 2019

*Via Fax and Email*
Chad T. Wilson
Chad T. Wilson Law Firm, PLLC
455 East Medical Center Boulevard
Suite 555
Webster, Texas 77598

| | | |
|---|---|---|
| Re: | Your client/insured: | Tammy and Monty Kea |
| | Claim No.: | PR-0000000-237109 |
| | Policy No.: | 1000116016 |
| | Property Address: | 2704 Phyllis Lane, Rockwall, Texas 75087 |
| | Date of Loss: | February 7, 2019 |
| | Our File No.: | 1860.0034 |

Dear Mr. Wilson,

The Willis Law Group has been retained by State Auto Insurance Companies ("State Auto") regarding the above-referenced claim. I am writing in response to your correspondence dated April 4, 2019 to State Auto alleging a claim on behalf of Tammy and Monty Kea (the "Keas") pursuant to the Texas Insurance Code and Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") and demanding payment. This response is made prior to the expiration of 60 calendar days from the date of receipt of your demand. Please direct all future communications regarding this matter to my attention.

*Factual Background*

We understand the Keas timely asserted the claim referenced-above, as it was reported on February 8, 2019, the day following the date of loss. On February 11, 2019, State Auto claims representative, Christopher Sharp, timely acknowledged the claim and promptly began the investigation into the loss.

On February 13, 2019, State Auto claims representative and estimator, Ross Freeman, inspected the Keas' property. That same date, Mr. Freeman provided the Keas with an itemized property loss and settlement statement reflecting the total actual cash value settlement for the damaged property covered by the above-referenced policy. Specifically, State Auto provided the Keas with an estimate for repair of damage to the roof, including interior water damage to the

DALLAS | HOUSTON | SAN ANTONIO | OKLAHOMA CITY

The Willis Law Group, PLLC | 1985 Forest Lane, Garland, Texas 75042
(214) 736.9433 – Main | (214) 736.9994 - Facsimile
TheWillisLawGroup.com | E-Service Address: service@thewillislawgroup.com

6

ceiling and wind damage to shingles and the metal roofing. Accordingly, State Auto issued payment in the amount of $2,563.87 for the covered loss.

On March 22, 2019, Mr. Sharp, on behalf of State Auto, provided the Keas with further details regarding State Auto's partial denial of their claim, including property that the inspection revealed not to have been damaged by wind and/or hail and thus not be covered under the policy.

### *The Policy*

Our review of this matter indicates that State Auto has fully complied with its obligations under the policy by timely responding to the claim, appropriately investigating the claim, paying the Keas fully for all covered losses, and explaining the basis for the portions of the claim that were denied. We have seen no indication that State Auto failed to: (1) conduct a reasonable investigation; (2) pay for property damages sustained that are covered by the policy; and/or, (3) provide a reasonable explanation of the factual and legal basis for the denied portion of the claim. Accordingly, we see no indication that State Auto breached any terms of the policy.

### *DTPA*

Our review of this file indicates that State Auto has not violated the DTPA, and we have seen no specific information indicating that a violation of the DTPA occurred. Accordingly, we have seen no evidence that State Auto (1) misrepresented the terms and benefits of the insurance policy; (2) misrepresented material facts and policy provisions related to coverage; and/or, (3) omitted policy benefits that should have been afforded to the Keas. Further, there is no evidence presented that demonstrates State Auto, directly or indirectly, made any assertion, representation or statement with respect to insurance that was untrue, deceptive or misleading.

### *Texas Insurance Code*

Our review of this file indicates that State Auto timely and appropriately acknowledged, investigated and administered this claim in full compliance with the Texas Insurance Code. We have seen no specific information indicating that a violation of the Texas Insurance Code occurred. Particularly, we have seen no evidence that State Auto failed to attempt to effectuate a prompt, fair, and equitable settlement of the claim, in good faith, when liability has become clear.

### *Conclusion*

State Auto is unable to accept the Keas' demand in the amount of $84,766.68 for the reasons set forth above. In short, the evidence indicates that State Auto and its representatives have complied fully with all of its obligations under the policy, DTPA and Texas Insurance Code. We believe that that State Auto has fully and timely paid the Keas for all covered losses under the policy.

7

Chad T. Wilson
May 28, 2018
Page 3

      Should you wish to discuss this matter further or have any additional supporting evidence you would like for us to consider, please do not hesitate to contact me.

                Sincerely,

                Amos D. Pettis

ADP/vcf

cc:    Jamie L. Saleh [Firm]

8



August 16, 2019

<u>*Via Fax (281) 940-2137 and Email (cwilson@cwilsonlaw.com)*</u>
Tammy and Monty Kea
c/o Chad T. Wilson
Chad T. Wilson Law Firm, PLLC
455 East Medical Center Boulevard
Suite 555
Webster, Texas 77598

| Re: | Your client/insured: | Tammy and Monty Kea |
|---|---|---|
|  | Claim No.: | PR-0000000-237109 |
|  | Policy No.: | 1000116016 |
|  | Property Address: | 2704 Phyllis Lane, Rockwall, Texas 75087 |
|  | Date of Loss: | February 7, 2019 |
|  | Our File No.: | 1860.0034 |

Dear Mr. Wilson,

All of the individual claim representatives, including but not limited to Ross Freeman, involved in handling this claim were employees and agents of Meridian Security Insurance Company and were acting in the course and scope of their agency on behalf of Meridian Security Insurance Company. While Meridian Security Insurance Company denies any liability to you, for the reasons previously stated to you in our prior correspondence, Meridian Security Insurance Company hereby elects to accept whatever liability these agents might have to you for the agent's acts or omissions related to the claim, pursuant to Texas Insurance Code section 542A.006.

Thank you for your attention to this matter.

Sincerely,

Adam C. Gallegos

ACG/vcf

DALLAS | HOUSTON | SAN ANTONIO | OKLAHOMA CITY

The Willis Law Group, PLLC | 1985 Forest Lane, Garland, Texas 75042
(214) 736.9433 – Main | (214) 736.9994 - Facsimile
TheWillisLawGroup.com | E-Service Address: service@thewillislawgroup.com

9

Chad T. Wilson
August 16, 2019
Page 2

cc: David P. Wilson, via fax (409) 838-8888 and email (dwilson@pulf.com)
Tara Peveto, via email (tpeveto@cwilsonlaw.com)
Jamie L. Saleh [Firm]

10