UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAMMY KEA AND MONTY KEA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:19-CV-2017-G |
| MERIDIAN SECURITY INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions of the defendant Meridian Security Insurance Company ("Meridian") to dismiss, and, in the alternative, to sever the extra-contractual claims of the plaintiffs Tammy Kea and Monty Kea ("the Keas") and abate them until the Keas's contract claim has been adjudicated, and plea in abatement (docket entry 7). Treating Meridian's motion to sever and abate as a motion for separate trials under FED. R. CIV. P. 42(b), the court grants the motion to sever but denies the motion to abate.

### I. BACKGROUND

The Keas purchased a homeowners insurance policy ("the Policy") issued by Meridian to insure their residence located at 2704 Phyllis Lane, Rockwall, Texas

75087-8039 ("the Property").  Appendix to Defendant's Notice of Removal ("Notice of Removal Appendix") (docket entry 1-3) at APPX 006.

On February 7, 2019, a storm damaged the Property.  *Id*. at APPX 007; *see also* Brief in Support of Defendant Meridian Security Insurance Company's Rule 12(b) Motions to Dismiss, Alternative Motion to Sever and Abate, and Plea in Abatement ("Motion") (docket entry 8) at 1 ("This is a first-party insurance claim . . . for damages allegedly caused by storm on February 7, 2019.").  Thereafter, the Keas filed a claim with Meridian for coverage under the Policy.  Notice of Removal Appendix at APPX 007.  The Keas assert that "[d]amaged areas of the property include, but are not limited to the roof, vents, flashings, screens, deck and interior."  *Id*.

On February 13, 2019, Ross Freeman ("Freeman"), an insurance adjuster working for Meridian, inspected the Property.  *Id*.; Motion at 1.  Freeman "found that there was wind damage to property, but only on one slope of the roof."  Notice of Removal Appendix at APPX 008.  That day, Freeman "provided the Keas with an itemized property loss and settlement statement reflecting the total actual cash value settlement . . . ."  Motion at 1.  Specifically, Meridian contends that it "provided the Keas with an estimate for repair of damage to the roof, including interior water damage to the ceiling and wind damage to shingles and the metal roofing . . . [and] issued payment in the amount of $2,563.87 for the covered loss."  *Id*. at 1-2.  On March 22, 2019, "Meridian provided the Keas with further details regarding the

partial denial of their claim, including property that the inspection revealed not to have been damaged by wind and/or hail and thus not be covered under the policy." *Id*. at 2. The Keas assert that "[t]o date, Plaintiffs have received $1,751.70 for damage to Plaintiffs' Property. . . . The damage to Plaintiffs' Property is currently estimated at $25,843.50." Notice of Removal Appendix at APPX 008.

In a letter to Freeman dated April 4, 2019, the Keas's attorney demanded a total of $84,766.68 in damages and expenses.[1] *See* Appendix to Defendant's Rule 12(b) Motions to Dismiss, *et al.* ("Motion Appendix") (docket entry 9) at 3-5; see also *id*. at 4 ("If we are required to file suit in this matter, please take notice that we intend to include as party defendants in the lawsuit the following persons defined in Texas Insurance Code Sections 541.002 or 542A.001(1): State Auto Insurance Companies and Ross Freeman.").[2] On May 28, 2019, State Auto Insurance Companies rejected these demands. See *id*. at 6-8.

---

[1] While the Keas requested "$84,766.68 which represents the total amount in controversy[,]" the itemized damages and expenses in fact totaled $84,766.69. *See* Appendix to Defendant's Rule 12(b) Motions to Dismiss, *et al.* ("Motion Appendix") (docket entry 9) at 4 [1) $25,843.50 for repairs to the loss; 2) $775.31 in Interest that applies to this loss as per Texas Insurance Code; 3) $57,697.88 for damages, including mental anguish; and 4) $450.00 as reasonable and necessary attorney's fees for time expended to date in assisting our clients in this matter."].

[2] The court assumes that Meridian was formerly known as State Auto Insurance Companies.

On June 18, 2019, the Keas filed suit against Meridian and Freeman in the 382nd Judicial District Court of Rockwall County, Texas.[3] Notice of Removal (docket entry 1) ¶ 1. The Keas sued Meridian and Freeman for breach of the duty of good faith and fair dealing under Texas law in handling their claim, as well as for breach of contract, common law fraud, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices – Consumer Protection Act. Notice of Removal Appendix at APPX 010-015. The Keas contend that "[b]ased upon [Meridian's] grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Meridian failed to provide full coverage due under the Policy." *Id.* at APPX 008.

On August 23, 2019, Meridian removed the case to this court. *See generally* Notice of Removal. Meridian now moves to dismiss the Keas's extra-contractual claims[4] for lack of subject matter jurisdiction and for failure to state a claim upon

---

[3] On August 30, 2019, pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii), the Keas dismissed their claims against Freeman. *See* docket entry 6; *see also* Motion Appendix at 9-10.

[4] Meridian defines the Keas's "extra-contractual claims and causes of action" as: "Unfair Settlement Practices under Texas Insurance Code chapter 541 or any other authority (*see Plaintiff's Original Petition*, ¶¶ 34-40); violation of the Prompt Payment of Claims Act under Texas Insurance Code 542 (*Id.*, ¶¶ 41-44); Breach of the Duty of Good Faith and Fair Dealing (*Id.*, ¶¶ 45-47); violation of the Texas Deceptive Trade Practices Act (*Id.*, ¶¶ 48-50); and common law fraud (*Id.*, ¶¶ 51-54) and "Negligence" under Texas common law (*see Plaintiff's Original Petition*, p. 10, ¶¶ 56-58)." Notice of Removal Appendix at APPX 033. As noted *supra*, the court dismissed the Keas's claims against Freeman. *See* Notice of Removal Appendix at APPX 015-019 (Plaintiffs' Original Petition, Jury Demand, and Request for

which relief can be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative to sever and abate the Keas's extra-contractual claims or for abatement of all of the Keas's claims.[5] *See generally* Motion.

The Keas contend that their extra-contractual claims are ripe because "[t]he breach of contract claim and extra-contractual claims are so interwoven that both involve the same facts and issues. Specifically, the contractual breach to pay for the damage under the policy is predicated by the breach of good faith by intentionally undervaluing the claim." Plaintiffs' Brief in Response to Meridian Security Insurance Company's 12(b) Motion to Dismiss, Alternatively Motion to Sever and Abate (docket entry 18) at 3. Conversely, Meridian asserts that it "ha[s] expressly denied breaching the terms of the Policy, and that issue has yet to be fully litigated. Unless and until such a determination is made (and if Meridian is correct, this will never be established), the extra-contractual claims are not ripe for adjudication." Motion at 5.

---

Disclosure ¶¶ 55-74).

[5] Meridian complains of a technical deficiency in its plea in abatement (*i.e.*, the Keas failed to itemize attorneys' fees that totaled $450); thus, Meridian argues that the Keas failed to provide adequate pre-suit notice as required by Texas Insurance Code § 542A.003. Motion at 12-14; see *id*. at 13 ("While the notice/demand letter includes a dollar amount of claimed attorney's fees, the notice does not include a statement about the number of hours worked, contemporaneously kept time records, or a customary hourly rate.").

## II.  ANALYSIS

### A.  Separate Trials

Meridian moves to sever the Keas's extra-contractual claims pursuant to Federal Rule of Civil Procedure 21.  *Id*. at 9; see also *id*. at 11 ("Meridian has offered to pay, and in fact did pay, the portion of the Claim it determined was covered by the Policy and caused by the Storm.  Plaintiffs have demanded significantly larger sums of money.  The broader discovery on the extra-contractual issues is not needed at this time and will prejudice Meridian, and the introduction of these issues at trial on the contract claim will prejudice Meridian.  Meridian therefore requests a severance of the extra-contractual claims into a separate action from the contractual claim."); *see also* Defendant Meridian Security Insurance Company's Reply in Support of its Rule 12(b) Motions to Dismiss and Alternative Motion to Sever and Abate (docket entry 22) at 6 ("Plaintiffs argue no settlement offer has been made in the instant dispute, but this is untrue; Meridian tendered a check to Plaintiffs pre-suit for $2,563.87 in full and final settlement of their entire claim based on the insurance contract.  It would be highly prejudicial to Meridian to have to defend the extra-contractual claims with inadmissible evidence unless and until Plaintiffs establish Meridian breached the policy.").

Federal Rule of Civil Procedure 21 provides that "[t]he court may . . . sever any claim against a party."  FED. R. CIV. P. 21.  The court will treat Meridian's

motion to sever as a motion for separate trials. Pursuant to Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims . . . ." See *McDaniel v. Anheuser-Busch, Incorporated*, 987 F.2d 298, 304 and n.19 (5th Cir. 1993) (distinguishing separate trials under Rule 42(b) from severance under Rule 21 because separate trials will usually result in one judgment, while severed claims become entirely independent actions to be tried, and judgment entered, independently); see also *Divine Restoration Apostolic Church v. Nationwide Mutual Insurance Company*, No. 4:09-CV-0926, 2010 WL 1064727, at *2 (S.D. Tex. Mar. 19, 2010) ("Where judicial economy or potential prejudice lean in favor of separating [extra-contractual] claims, this [c]ourt prefers to order separate trials rather than severance."). Separate trials may be necessary when a defendant insurer makes a settlement offer, which serves as a defense to extra-contractual claims but could prejudice a trial regarding liability. *Fowler v. General Insurance Company of America*, No. 3:14-CV-2596-G, 2014 WL 5879490, at *4 (N.D. Tex. Nov. 13, 2014) (Fish, J.); *Liberty National Fire Insurance Company v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996); *In re State Farm Mutual Automobile Insurance Company*, 395 S.W.3d 229, 234-39 (Tex. App. – El Paso 2012, no pet.); *In re Allstate Insurance Company*, 232 S.W.3d 340, 343 (Tex. App. – Tyler 2007, no pet.).

Here, Meridian has made a settlement offer to the Keas that the Keas deemed inadequate. To allow a jury to hear this evidence would create a great danger of prejudice to Meridian, a danger that could not be sufficiently mitigated by a limiting instruction to the jury. Thus, the Keas's breach of contract claim must be tried separately from, and prior to, their extra-contractual claims.[6] Accordingly, Meridian's motion for separate trials of the Keas's contractual and extra-contractual claims is granted.[7]

## B. Abatement

It is within the court's discretion to decide whether a claim should be abated. *Johnson v. Liberty Mutual Fire Insurance Company*, No. 4:14-CV-0604, 2015 WL 11170153, at *2 (E.D. Tex. Oct. 30, 2015) (citations omitted). The court may deny abatement if it would unduly prolong the litigation. See *Karam v. Nationwide General Insurance Company*, No. 3:99-CV-2047-G, 1999 WL 1240791, at *2 (N.D. Tex. Dec. 20, 1999) (Fish, J.).

Here, Keas's extra-contractual claims "would unduly prolong the litigation in the event [Meridian] is found to have breached the insurance contract . . . ." See

---

[6] This result may be achieved by simply ordering the proof at a single trial. In this procedure, the contractual claim would be submitted to the jury first and a verdict received on that claim. Then evidence on the remaining claims would be presented to the same jury and a verdict received on those claims.

[7] Meridian's motions to dismiss the Keas's extra-contractual claims pursuant to Rule 12(b) and its plea in abatement are denied.

*Bays v. State Farm Mutual Automobile Insurance Company*, No. 3:98-CV-3027-D, 1999 WL 68648, at *2 (N.D. Tex. Feb. 4, 1999) (Fitzwater, J.) (quoting *Whittenburg v. State Farm Mutual Automobile Insurance Company*, 3:96-CV-2837-D, 1997 WL 10036, at *1 (N.D. Tex. Jan. 8, 1997) (Fitzwater, J.)).  Thus, at least at this stage, Meridian has presented no demonstrable basis for abatement.  The court will not speculate as to the likely outcome of a trial on liability and thus it cannot determine whether abatement would be more efficient than trying the claims concurrently.  For this reason, the court concludes that it is premature to abate any of the extra-contractual claims.  See *Cano v. State Farm Lloyds*, No. 3:14-CV-2720-L, 2015 WL 11120874, at *3 (N.D. Tex. Aug. 21, 2015) (Lindsay, J.); *Bays*, 1999 WL 68648, at *2.  The court thus denies Meridian's motion to abatement without prejudice to a later showing of potential prejudice, and it may petition the court to reconsider its ruling.  See *Tellez v. State Farm Mutual Automobile Insurance Company*, No. 3:06-CV-0921-D, 2007 WL 273577, at *2 (N.D. Tex. Jan. 31, 2007) (Fitzwater, J.).

### III. <u>CONCLUSION</u>

For the reasons discussed above, Meridian's motion for separate trials of the Keas's contractual and extra-contractual claims is **GRANTED**.  Its motion to abate the extra-contractual claims, however, is **DENIED**.

Meridian's motions to dismiss pursuant to Rule 12(b) and plea in abatement are **DENIED**.

**SO ORDERED.**

December 10, 2019.

_/s/ A. Joe Fish_
**A. JOE FISH**
**Senior United States District Judge**